JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ALLAHVERDIAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESTES EXPRESS LINES CORP., *et al.*<br><br>　　　　Defendants. | Case No. 2:25-cv-03988-CV (RAOx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [20] AND DENYING DEFENDANT'S MOTION TO DISMISS [22]** |

On June 4, 2025, Plaintiff Maria Allahverdian filed a Motion to Remand ("Motion to Remand"), and on June 12, 2025, Defendant Estes Express Line Corporation filed a Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"). Doc. # 20 ("Mot. to Remand"); Doc. # 22 ("Mot. to Dismiss"). Having reviewed and considered all briefing filed with respect to the Motions, the Court finds that oral argument is not necessary, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

## I.    **INTRODUCTION**

On March 24, 2025, Plaintiff filed a Complaint in the Los Angeles County Superior Court against Defendant , asserting claims for (1) conversion, (2) negligence, (3) breach of contract, (4) breach of the covenant of good faith and fair dealing, (5) unfair business

practices, (6) fraudulent deceit, (7) fraud/intentional misrepresentation, and (8) negligent misrepresentation. Doc. # 1-2 ("Compl.") ¶¶ 34–94.

On May 5, 2025, Defendant removed the case to federal court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Doc. # 1 ("Notice of Removal") ¶ 2.

## II.    FACTUAL BACKGROUND

On September 10, 2024, Plaintiff and Defendant entered into an agreement for Defendant to deliver a chandelier purchased by Plaintiff to Plaintiff's private residence. Compl. ¶ 7, Ex. A. Plaintiff alleges that the Chandlier was delivered in damaged condition, and Plaintiff informed Defendant about the alleged damage through email communications with Defendant's representative as well as through a claims form. *Id.* ¶¶ 19–26. Defendant rejected Plaintiff's reimbursement claims, first based on the claim being "too vague" and not allowing an accurate measure of damages, and later based on failure to notify within the agreed upon time frame. *Id.* ¶¶ 27–31.

## III.    LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop. Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has passed a statute providing a right of removal, the statute, unless otherwise stated, is to be strictly construed against removal. *Id.* "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, any doubts regarding the existence of subject

matter jurisdiction must be resolved in favor of remanding the action to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## IV.    **DISCUSSION**

Defendant contends that removal was proper here under federal question jurisdiction because Plaintiff's claims are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). Notice of Removal ¶ 3 (citing 28 U.S.C. § 1331).

Generally, under the well-pleaded complaint rule, "a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020). Thus, the existence of a federal defense, including preemption, is not enough to justify removal to federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint").

However, "[c]omplete preemption is an exception to the well-pleaded complaint rule." S*aldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2022). Complete preemption applies if a well-pleaded complaint establishes a state-law cause of action but "requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983)

Here, all of Plaintiff's claims are state law claims, and no federal question appears on the face of Plaintiff's complaint. Therefore, the sole question is whether the FAAAA completely preempts Plaintiff's claims. *See Gorom v. Old Dominion Freight Line Inc.*, No. CV 12-763-GW (AJWx), 2012 WL 12887687, at *2 (C.D. Cal. Mar. 12, 2012).

Complete preemption "arises only in 'extraordinary' situations," and the test is "whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cir. 2003). The

Supreme Court has identified only three statutes that provide for complete preemption. *Id.* (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

In support of its claim of federal question jurisdiction, Defendant argues that the FAAAA completely preempts state law causes of action in the Complaint. Notice of Removal ¶ 4. Similarly, Defendant's opposition to Plaintiff's Motion to Remand presumes that the complete preemption exception applies to FAAAA in this case. Doc. # 28 at 3. However, Defendant has directed the Court to no case, and the Court has found none in its own research, indicating that the FAAAA satisfies the requirement of complete preemption exception to the well-pleaded complaint rule. *See also Gorom*, 2012 WL 12887687, at *2. Instead, Defendant has directed the Court only to two cases—*Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261 (11th Cir. 2023) and *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364 (2008)—which analyze "ordinary" preemption without considering any jurisdictional effect of the preemption issue. *See Moore-Thomas*, 553 F.3d at 1244 (explaining difference between "ordinary" and "complete" preemption and the distinct jurisdictional consequences of the two). Cases that discuss the FAAAA often reject the argument that the FAAAA has a jurisdictional effect through complete preemption exception. *See, e.g., Indep. Serv. Provider, LLC v. Aponte*, No. 6:21-cv-558-GAP-GJK, 2021 WL 2828323, at *2 (M.D. Fla. May 24, 2021) (finding that the FAAAA does not completely preempt state law negligence claims or contract actions"); *Fehr v. Unicorn Freight, LLC*, No. 3:23-CV-00271-DCG, 2025 WL 2253730, at *3 (W.D. Tex. July 21, 2025) ("the plain language of the FAAAA fails to satisfy any of the three required conditions for complete preemption").

Because the FAAAA does not have complete preemption over state law claims, Defendant's FAAAA preemption defense is insufficient to establish federal jurisdiction. Accordingly, the Court does not have federal question jurisdiction over this action, and therefore finds that remand is proper.

As a result, the Court need not address what preemptive effect, if any, FAAAA regulations would have on Plaintiff's claims, and the Court therefore does not address the

arguments raised by Plaintiff's Motion to Remand. Further, without jurisdiction, the Court declines to rule on the merits of Defendant's Motion to Dismiss.

## V.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand, and DENIES Defendant's Motion to Dismiss as moot. The Court REMANDS this action to the Superior Court of California, County of Los Angeles, Case No. 25NNCV01985. The clerk shall send a certified copy of this Order to the state court.

**IT IS SO ORDERED**.

Dated:  3/17/26

*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

5